IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN G. SLUTZKER,<br>     Petitioner<br><br>vs.<br><br>HARRY WILSON,<br>     Respondent. | C.A. No. 06-313 Pittsburgh<br>District Judge Lancaster<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this *Petition for Writ of Habeas Corpus* be dismissed as moot. Petitioner's motion for bail [Document # 12] should be denied. A certificate of appealability should be denied.

**II.    REPORT**

On March 10, 2006, Petitioner Steven Slutzker petitioned this Court for a writ of habeas corpus. At the time Petitioner filed the instant petition, he was awaiting a new trial in the Court of Common Pleas of Allegheny County on one count of Criminal Homicide.[1] As relief, Petitioner seeks bail pending his new trial. On January 24, 2007, Petitioner was convicted of First Degree Murder and has been sentenced to life in prison. See Document # 22, Status Report. For the reasons set forth herein, this petition is now moot.

---

[1] On December 29, 2004, the United States Court of Appeals for the Third Circuit affirmed this Court's grant of Petitioner's petition for writ of habeas corpus and granted Petitioner a new trial. See Slutzker v. Johnson, 393 F.3d 373 (3d Cir. 2004).

A.     **Mootness Doctrine**

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law.  28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody.  Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980); Wolff v. McDonnell, 418 U.S. 539 (1974); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977).

The case or controversy requirement of Article III of the U.S. Constitution "... subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."  Lewis v. Continental Bank Corp. 494 U.S. 472, 477-78 (1990).  In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. at 477.  See also Spencer v. Kemna, 523 U.S. 1 (1998); Maleng v. Cook, 490 U.S. 488, 491-492 (1989) (habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).[2]

In the present action, Petitioner's request for pre-trial bail has become moot as he is no longer being incarcerated pre-trial, but has now been convicted and sentenced with life in prison.

---

[2] The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand.  See Carafas v. LaVallee, 391 U.S. 234 (1968).  It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot.  Spencer, 523 U.S. at 7.

The relief which Petitioner seeks (release pending retrial) is no longer a possibility as the trial has ended. In these circumstances, no live controversy remains and the present action has become moot.

     **B.**    **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

Because Petitioner's claim is moot, a certificate of appealability should be denied.

## III.    CONCLUSION

Because Petitioner's claim is now moot, this Court recommends that this *Petition for Writ of Habeas Corpus* be dismissed. Petitioner's motion for bail [Document # 12] should be denied. A certificate of appealability should be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from

the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: March 7, 2007